UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-007-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANE JEFFERSON BEGLEY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Defendant Shane Begley pleaded guilty of conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846. Begley was sentenced on October 28, 2013, to 240 months' imprisonment to be followed by eight years of supervised release. [Record No. 231] His sentence was affirmed on appeal and his subsequent motion to vacate the sentence under 28 U.S.C. § 2255 was denied. [Record Nos. 337, 412, 422] Begley has now filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 436] In support, he reports that his medical conditions make him particularly vulnerable to the effects of COVID-19 at his institution of confinement, Forrest City Low. However, Begley has not identified extraordinary and compelling reasons warranting his release. Further, the factors under 18 U.S.C. § 3553(a) do not support granting a sentence reduction.

I.

Prior to enactment of the First Step Act of 2018, only the Director of the Bureau of Prisons ("BOP") could bring a motion for compassionate release on a prisoner's behalf. *See*

18 U.S.C. § 3582(c)(1)(A) (2017). Title 18 of the United States Code, section 3582(c)(1)(A), now provides that

> the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

### A.  Extraordinary and Compelling Reasons

"Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section. However, the Sixth Circuit recently concluded that the policy statement in § 1B1.13 is "inapplicable to cases where an imprisoned person files a motion for compassionate release. *United States v. Jones*, ---F.3d---, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Accordingly, district courts have "full discretion . . . to determine whether an extraordinary and compelling reason justifies compassionate release." *Id.*

---

[1] Begley claims that he exhausted administrative remedies by submitting an inmate request form on October 20, 2020. [*See* Record No. 436-1] According to Begley, more than 30 days passed without a response from the Warden.

Although the Court is not bound by the policy statement in U.S.S.G. § 1B1.13, it provides a useful guide for evaluating the defendant's purported justifications for a sentence reduction. As relevant here, the application notes to § 1B1.13 provide detailed criteria to determine whether a "medical condition of the defendant" warrants a sentence reduction. This may occur under the guidelines when:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Based on the examples given, it is clear that the Sentencing Commission believed a defendant's medical condition justifies release only when it is extremely serious and cannot be addressed adequately if the defendant remains in custody.

In support of his motion, Begley reports simply that he "suffers from and has been treated for" diabetes, hypertension, and obesity. The Centers for Disease Control have reported that adults with obesity and Type 2 diabetes mellitus are at increased risk of severe illness from the virus that causes COVID-19. Further, adults who have hypertension or Type 1 diabetes mellitus *might* be at an increased risk for severe illness.[2]

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (updated Dec. 1, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The defendant has not provided any medical records or otherwise indicated the severity of his alleged conditions. Further, he has not alleged that the conditions are uncontrolled or that the BOP has failed to provide proper medical care.

Begley also reports that FCI Forrest City Low is a "hotspot" for COVID-19, putting him at increased risk of contracting the virus. However, the institution currently has 56 active cases of COVID-19 among 1,642 inmates. This means the positivity rate at Forrest City Low is 3.4 percent—substantially lower than Kentucky's overall rate of 9.62 percent.[3] Accordingly, the defendant has not shown that the extraordinary remedy of compassionate release is warranted based on his health conditions and the risks associated with COVID-19.

### B. Section 3553(a) Factors

The Court also must assess whether the applicable factors under 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction under § 3582(c)(1)(A). *Jones*, 2020 WL 6817488, at *10-11. To begin, the nature and circumstances of Begley's offense are very serious. He was a leader in a conspiracy in which he traveled out-of-state and obtained highly pure methamphetamine to distribute in eastern Kentucky. In discussing the § 3553(a) factors at sentencing, the Court observed that a lengthy sentence was necessary to deter Begley and others inclined to engage in similar crimes. Further, a substantial term of imprisonment prison was (and is) needed to protect the community from the defendant's further crimes, particularly in light of his drug addiction.

The Court acknowledged the defendant's positive characteristics at sentencing: he had held long-term legitimate employment in the past and had shown that he was able to work.

---

[3] *KY COVID-19 Daily Summary 12/2/2020*, KENTUCKY PUBLIC HEALTH, (updated Dec. 2, 2020), https://chfs.ky.gov/agencies/dph/covid19/COVID19DailyReport.pdf.

However, the defendant "sometimes [chose] criminal activity as opposed to work," and avoided responsibility with his two children, owing $67,000.00 in child support. Begley now reports that he has a "spotless prison record," has continuously participated in education and reentry preparedness programs, and "has been considered a model inmate for the duration of his incarceration." [Record No. 436, p. 3]

The Court commends the defendant regarding his efforts toward rehabilitation. But release will not be granted based on post-sentencing rehabilitative conduct alone. *Ruffin*, 978 F.3d at 1009. Begley's advisory sentencing guidelines range was 210 to 262 months' imprisonment. Following consideration of all relevant factors, he was sentenced squarely within this range. The sentence of 240 months' imprisonment remains sufficient, but not greater than necessary, to achieve the purposes of 18 U.S.C. § 3553(a).

**II.**

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion for compassionate release [Record No. 436] is **DENIED**.

Dated: December 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky